Argued May 6; affirmed in part; reversed in part and remanded
June 24, 1947

## VOGLER *v.* WEBB
(182 P. (2d) 361)

*P. W. Mahoney,* of Heppner and *John F. Kilkenny,* of Pendleton, (with Raley, Kilkenny & Raley, of Pendleton, on brief) for Respondent.

*Bartlett F. Cole,* of Portland, (Kavanaugh, Sulmonetti, Eva & Cole, of Portland, on brief) for Appellant.

Before Rossman, Chief Justice, and Lusk, Belt, Hay and Winslow, Justices.

LUSK, J.

This is an action brought by Henry C. Vogler, Jr., against John C. Webb (hereinafter to be referred to as the defendant) and Vernon W. Bailey to recover the reasonable rental value of certain farm equipment alleged to have been furnished by the plaintiff to the defendants and used by them, and the agreed price of a quantity of transmission oil alleged to have been purchased by the defendants from the plaintiff. The action was abandoned as against Bailey. There was a trial to a jury, and at the conclusion of the testimony the court directed a verdict for the plaintiff for the

full amount prayed for in the complaint with a slight reduction in the interest demanded. From the consequent judgment the defendant has appealed.

The trial court's ruling with respect to the purchase price of the transmission oil, the claim for which is stated in a separate cause of action, is not challenged in this court. The judgment for the purchase price of the transmission oil is separately stated, and that portion of the judgment is therefore affirmed.

In his first cause of action the plaintiff alleges:

"The plaintiff, at the special instance and request of the defendants, furnished to the defendants a combine and diesel tractor for the defendants' use in the harvesting of certain crops of grain growing in Morrow County, for which rental and use the defendants promised and agreed to pay to the plaintiff the reasonable rental value of said equipment and that between the dates of July 19, 1944, and August 12, 1944, inclusive, the defendants used the plaintiff's combine for a period of twenty (20) days and that the reasonable rental value for said use was Fifty Dollars ($50.00) per day, or the sum of One Thousand Dollars ($1,000). And that between July 19, 1944, and August 19, 1944, except for Sundays, the plaintiff furnished to the defendants for their use a diesel tractor for a period of twenty-six days (26) and that the reasonable rental value of the said tractor was Twenty-Five Dollars ($25.00) per day, or the sum of Six hundred fifty Dollars ($650.00), whereas the defendants became indebted to the plaintiff in the sum of One thousand Six hundred fifty Dollars ($1,650.00)."

This is followed by allegations that the plaintiff has demanded payment of the amount of the claim, that no payment has been made, and that the amount sued for is now due and owing from the defendant.

The defendant, who represented himself, filed an answer in which he alleged:

"That the defendant did not upon the dates alleged by the plaintiff, or any other dates, rent, or contract to rent, either a tractor or combine from the plaintiff.

"The defendant states that the tractor was used, by reason of the plaintiff requesting the defendant to use same, to cure a breach of a contract, on the part of the plaintiff.

"The defendant for his answer further states, that the use by him of a combine, as alleged by the plaintiff, was brought about by the plaintiff proposing, that he the plaintiff, and the defendant, enter into a contract, by and between themselves, which seemed mutually beneficial.

"The defendant alleges that he accepted the offer of the plaintiff, and attempted to carry out the provisions of such contract. The defendant alleges that the plaintiff made no attempt to fulfill the contract, herein alleged to exist."

Further in the answer the defendant avers "that he is not indebted to the plaintiff, in any amount whatsoever, by reason of rental contracts, or merchandise bought from the plaintiff."

While there are several assignments of error the only one which we find it necessary to pass upon is based upon the court's direction of a verdict for the plaintiff.

■ The controversy is the sequel to a contract in writing entered into on June 2, 1944, for the sale by the plaintiff and his wife to the defendant Webb and another of a ranch in Morrow County, together with certain farm machinery which included one Diesel Caterpillar "50" tractor and one Caterpillar, Model 36 combine. There is evidence that the arrangement for

the use by the defendant of the tractor referred to in the complaint was described as an "RD-7" tractor was occasioned by the fact that the starting motor of the tractor described in the contract and which defendant purchased from the plaintiff was broken. The plaintiff's testimony tends to show that the defendant agreed to rent from him the "RD-7" tractor and the combine at a reasonable rental; that the rental values alleged in the complaint were reasonable; and that the two pieces of equipment were used by the defendant for the number of days respectively alleged in the complaint. As there is no denial in the answer of the allegations respecting rental values and periods of use, there is no merit in defendant's contention that these issues should have been submitted to the jury.

With reference to the tractor the defendant testified that on July 16, 1944, plaintiff told him that the starting motor on his machine (that is, the one mentioned in the contract) had been broken, "that he had had to use it and he said, 'You will have to take this other cat in order to start you.' " He further testified:

"Mr. Vogler promised he would put the machinery in condition. He promised me in these words that it would be in the same condition as his own and he always overhauled it. He advised me to be there the 1st and not later than the 5th. I was there and the machinery was not in shape. He used my tractor and weeder in the field to weed with. During the time he was using it he evidently broke the starting motor off it. When on the 16th it was in no condition to use, he loaned me a tractor to push it."

This occurred when the defendant was on the eve of harvesting the wheat crop on the land he had bought from the plaintiff.

382

■ The foregoing testimony, in our opinion, conflicts with the evidence given by the plaintiff and supports the denial in defendant's answer that he rented the tractor. It rebuts the implication of a promise to pay for the use of the equipment from the proof of its use, and created an issue of fact to be resolved by the jury.

■ The plaintiff, however, urges that the affirmative allegations of the answer are mere conclusions of law and do not state a defense. This pleading is about all that may be expected of a layman who elects to act as his own attorney, and illustrates, along with the manner in which the defense was conducted, the proverbial hazards of such a course. But the answer does deny that the defendant rented a tractor from the plaintiff, and it does deny that the defendant is indebted to the plaintiff in any amount by reason of rental contracts, and these denials are effectual to put in issue the allegations of the complaint that the plaintiff, "at the special instance and request of the defendant", furnished the equipment to the defendant, and that the defendant "promised and agreed to pay to the plaintiff the reasonable rental value of said equipment", and that there is due and owing from the defendant to the plaintiff the amount sued for. As to these essential allegations of the complaint, the denials referred to are tantamount to a plea of the general issue or non assumpsit. This is an action of assumpsit, which, being equitable in its nature, admits almost every defense to which defendant is entitled in equity and good conscience. 5 C. J. Assumpsit, 1390, § 27. Under the plea of non assumpsit the defendant is entitled to show almost every defense which tends to prove that no debt was due at the time when the action was commenced. Ibid. 1405, § 75. And, in our opinion, evidence on the part of the defendant

that the tractor was loaned to him by the plaintiff to be used in place of a defective machine which the defendant had bought from the plaintiff, was admissible under the denials in the answer, and, if believed by the jury, would constitute a complete defense to the action in so far as it concerned the tractor. Since this is so, it is immaterial whether the affirmative matter of the answer is sufficient.

■ There was much contention on the trial about the admission of evidence tending to show a breach of warranty as to the tractor, the plaintiff taking the position that as the contract of sale of the farm machinery was in writing and contained no warranty, parol evidence of a warranty could not be received because it would vary the terms of the writing. The contention has been renewed here. But, as we view it, the question is not involved because the testimony of the defendant which we have quoted related to a time subsequent to the execution of the written agreement. The fact, if it be such, that there was no consideration for the plaintiff's promise to "put the machinery in condition" is beside the mark in this kind of a case. If the plaintiff chose to keep a legally unenforceable promise in the manner disclosed by the defendant's testimony, he could not afterwards in equity and good conscience assert a claim for compensation for the use of the tractor.

■ As to the combine, the evidence on behalf of the defendant is not entirely clear. But, as we understand it, he claimed that he and the plaintiff agreed that the plaintiff might purchase from him the straw after the wheat crop was harvested; that defendant could have the use of the plaintiff's combine to harvest the crop; and that, as part of the arrangement, the plaintiff

would help with the harvesting. The plaintiff, however, did not keep his agreement to help with the harvesting, and for that reason the defendant refused to let him have the straw. He testified:

> "Mr. Vogler knew I needed the wheat cut and I knew he needed the straw. When he proposed to furnish combines to finish my harvest, it seemed mutually agreeable to me and I only repudiated it after he breached to the point of not coming in to help me."

Thus, it appears that the defendant, instead of electing to enforce such rights as he might have under the alleged agreement, repudiated it. The parties were then in the same position as before the agreement was made, except that defendant had had the use of plaintiff's combine without paying for it. Under those circumstances the law would imply a promise on defendant's part to pay the reasonable rental value of the machine. If this were not so, then, as the trial judge correctly ruled, the defendant would be "unjustly enriched."

The judgment on the first cause of action is in a lump sum for the rental values of both the tractor and combine. Since, in our view, the evidence presents a question of fact as to the liability of the defendant to pay for the use of the tractor, it was error for the court to direct a verdict for the plaintiff on the first cause of action, and the judgment on that cause of action must be reversed and the cause remanded for further proceedings conformable to this opinion. The judgment on the second cause of action is affirmed. Defendant will recover his costs and disbursements.